UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

FILED
01 MAY 18 PM 2:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

IRENE MORROW, )
)
    Plaintiff, )
)
v. ) Civil Action No. CV 00-S-2363-NW
)
ADVANCE AMERICA, CASH )
ADVANCE CENTERS, INC., )
and ADVANCE AMERICA, )
CASH ADVANCE CENTERS )
OF ALABAMA, INC., )
)
    Defendants. )

ENTERED
MAY 18 2001

MEMORANDUM OPINION

This action is now before the court on the parties' stipulation of dismissal, requesting "that the Court enter an Order disposing of and dismissing this litigation in its entirety."[1]

Plaintiff, Irene W. Morrow, commenced this action on her own behalf, "and on behalf of others similarly situated,"[2] alleging that the defendants — Advance America, Cash Advance Centers, Inc. and Advance America, Cash Advance Centers of Alabama, Inc. — violated provisions of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et seq. Specifically, plaintiff's complaint alleges that each of the defendants employed her, and others similarly situated to her, for periods longer than 40 hours per week without paying them at a rate of at least one and one-half

---

[1] Stipulation of dismissal (doc. no. 19).

[2] Plaintiff's first amended complaint (doc. no. 5), ¶ 1.



their regular pay rate, contrary to the requirements of 29 U.S.C. § 207(a)(1).

Under the FLSA, one or more employees may sue to recover wages or overtime pay, on behalf of themselves and other employees "similarly situated." 29 U.S.C. § 216(b). "The purpose of this statutory provision ... is to facilitate intervention by other employees and to allow their representation by the plaintiff for the purpose of avoiding a multiplicity of actions." *Clougherty v. James Vernor Company*, 187 F.2d 288, 290 (6th Cir. 1951). Even so, a representative suit in this context is not a true class action within the meaning of Rule 23 of the Federal Rules of Civil Procedure. The essential difference is that a class action under the FLSA requires an individual's affirmative consent to include him or her in the class. The Act provides that, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). The former Fifth Circuit has also explained the significance of initiating a class action under the FLSA:

> There is a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA § 16(b). In a Rule 23 proceeding a class is described; if the action is maintainable as

>a class action, each person within the description is considered to be a class member and, as such, is bound by judgment, whether favorable or unfavorable, unless he has "opted out" of the suit. <u>Under § 16(b) of FLSA, on the other hand, no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively "opted into" the class; that is, given his written, filed consent</u>. ... It is crystal clear that § 16(b) precludes pure Rule 23 class actions in FLSA suits.

*LaChapelle v. Owens Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975) (emphasis supplied).[3] Thus, class actions under Rule 23 and the FLSA are "mutually exclusive and irreconcilable." *Id.* at 289; *see also Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 n.12 (11th Cir. 1996) (stating that "it is clear that the requirements for pursuing a [FLSA] class action are independent of, and unrelated to, the requirements for class action under Rule 23 of the Federal Rules of Civil Procedure").[4]

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

[4] In the typical Rule 23 action, a plaintiff's individual claims undeniably may be dismissed "by filing a stipulation of dismissal signed by all parties who have appeared in the action." Federal Rule of Civil Procedure 41(a)(1)(ii). <u>But</u>, such an action is expressly made "[s]ubject to the provisions of Rule 23(e)," providing that "[a] class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs." Federal Rule of Civil Procedure 23(e).

In a Rule 23 class action "[w]here the representative parties settle only their individual claims and dismiss the class action without prejudice, courts generally require prior approval but may not require notice under Rule 23(e)." Manual for Complex Litigation (Third) § 30.212, at 229 (1995). In such actions, "[t]he court should hold a fairness hearing under its 23(d)(2) authority, consider whether the settlement may be collusive or otherwise prejudicial to the putative class, and determine whether notice should be given." *Id.*

3

Under the FLSA, if no written consents are filed on behalf of individuals that plaintiff seeks to represent, the class action portion of plaintiff's complaint will be dismissed. *Hull v. Continental Oil Company*, 58 F.R.D. 636, 637-38 (S.D. Tex. 1973). However, failure of a party to opt in by neglecting to file a consent does not affect the merits of an employee's action and, hence, "the FLSA claim of a plaintiff who has failed to file a written consent is subject to dismissal without prejudice." *Real v. Driscoll Strawberry Associates, Inc.*, 603 F.2d 748, 756 n.19 (9th Cir. 1979). *See also Hull*, 58 F.R.D. at 636 ("A person who does not file a consent can neither benefit nor be bound by any judgment in the suit.").

Here, Irene Morrow is the only person to file a written consent with the court as is required under 29 U.S.C. § 216(b), and therefore, she is the only party plaintiff in this lawsuit. Accordingly, the individual claims of Irene Morrow are due to be dismissed with prejudice. As no other similarly situated employees have "opted into" this lawsuit by filing a consent, this court further concludes that the claims made on behalf of "all other similarly situated employees and former employees of the defendants," are due to be <u>dismissed without prejudice</u>.

4

A separate order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this ___18th___ day of May, 2001.

United States District Judge